IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

James Altarique White III,

Plaintiff,

v.

Richland County Detention Center,

Defendant.

C/A No.: 1:25-cv-3530-SAL

**ORDER**

In April 2025, Plaintiff James Altarique White III, proceeding pro se, filed this action under 42 U.S.C. § 1983, raising claims concerning his confinement while housed at Alvin S. Glenn Detention Center. United States Magistrate Judge Shiva V. Hodges authorized service and later entered a scheduling order giving the parties discovery and dispositive motion deadlines. *See* ECF Nos. 24, 32. On January 5, 2026, Defendant moved for summary judgment, and the court entered a *Roseboro* order explaining summary judgment to Plaintiff and giving him thirty-one days to file a response. [ECF Nos. 42, 43.] On February 18, 2026, having received no response, the magistrate judge issued an order directing Plaintiff to advise the court whether he wished to proceed in this case and warning him that his case could be dismissed for failure to prosecute if he did not respond. [ECF No. 45.] Plaintiff never filed a response in opposition to Defendant's motion, nor has he filed anything else in this case since Defendant filed its motion for summary judgment. On March 10, 2026, the magistrate judge issued a Report and Recommendation ("Report") in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending the court dismiss this action for failure to prosecute. [ECF No. 47.]

1

Attached to the Report was a notice advising Plaintiff of the procedures and requirements for filing objections. *Id.* at 3. Plaintiff has not objected to the Report, and the time to do so has expired.[1]

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify it, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

Finding no clear error in the Report, ECF No. 47, it is adopted and incorporated. For the reasons discussed in the Report, this case is **DISMISSED WITH PREJUDICE** for failure to prosecute under Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

April 20, 2026
Columbia, South Carolina

Sherri A. Lydon
United States District Judge

---

[1] The court has not received any notices of address changes from Plaintiff nor has it received any returned mail from the U.S. Postmaster.